J-S05043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DESSIE REWLIS SEATON, III | |
| Appellant | No. 1238 WDA 2014 |

Appeal from the Judgment of Sentence entered July 19, 2013
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0003652-2012

BEFORE:  DONOHUE, SHOGAN, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                     **FILED MARCH 19, 2015**

Appellant, Dessie Rewlis Season, III, appeals from the judgment of sentence entered for his conviction of drug crimes.  We reject Appellant's assignments of error.  We, however, *sua sponte* conclude that Appellant's mandatory minimum sentence under 18 Pa.C.S.A. § 7508 is illegal because we have declared that statute unconstitutional.  ***See Commonwealth v. Fennell***, 105 A.3d 13 (Pa. Super. 2014).  Therefore, we vacate and remand for resentencing.

Officers of the Erie Police Department received information that Appellant and Jamal Hokes were transporting heroin to Erie from Detroit. On November 9, 2012, two officers set up surveillance at the Amtrak train station.  The officers saw two men leave the train with luggage and get into

a car driven by a third man, Danny Keefer. The officers' information implicated Keefer, as well.

The men drove away, and the officers followed. The car stopped at a convenience store in the City of Erie, and Appellant went inside. One of the officers pulled his car into an adjacent parking spot, unnoticed by Hokes or Keefer. When Appellant returned, the officer got out, displayed his badge, and asked to speak to the car's occupants. The officers spoke to Appellant and the others separately. Appellant told the officers he had a black luggage bag. They discovered that Keefer had heroin in his possession. Keefer admitted that Appellant and Hokes were his drug suppliers and he picked them up at the train station.

The officers detained Appellant and Hokes. A drug dog sniffed the car and alerted to the presence of drugs. The officers impounded the car and obtained a search warrant. Inside the trunk, they found around 50 grams of heroin inside a yellow Lorna Doone cookie sleeve, inside a blue duffel bag. Appellant was charged with possession with intent to deliver a controlled substance (PWID), possession of a controlled substance, and conspiracy to commit PWID.[1]

At trial, Hokes and Keefer testified for the Commonwealth. The jury convicted Appellant of all counts. The trial court sentenced Appellant to 3 –

_____

[1] 35 P.S. § 780-113(a)(30) and (16), and 18 Pa.C.S.A. § 903(a), respectively.

10 years in prison.  Appellant's sentence included a mandatory minimum of three years in prison for PWID.  Appellant then appealed.[2]

Appellant presents four issues for our review:

1. Did the trial court deny Appellant his right to due process and effective assistance [sic] in denying his motino [sic] to quash filed by the defense because the criminal complaint had not been supported by an affidavit of probable cause?

2. Did the trial court err in failing to determine that law enforcement did not err in failing fo [sic] apply for an anticipatory search warrant?

3. Did the trial court abuse its discretion when it permitted allegations of Appellant's drug dealing activities that did not pertain to the incident at [sic] question in the trial to be disclosed to the jury, when that disclosure[ ]was prejudicial to the jury [sic]?

4. Was the Appellant denied a fair trial when the Commonwealth failed to disclose exculpatory information pertaining to Richard Ferrell Kemp?

Appellant's Brief at i-ii, 1-2 (numbering added and all-capitalized font eliminated).

In his first argument, Appellant claims the trial court erred in denying his motion to quash the criminal complaint, which he claims lacked an affidavit of probable cause.

This issue is moot for two reasons.  A defendant cannot be discharged for a defect in, among other things, "the form or content of a complaint,"

_____

[2] This Court dismissed Appellant's initial appeal, at No. 1241 WDA 2013, after his court-appointed counsel failed to file a brief. The trial court reinstated Appellant's direct appeal rights.

unless the defect is prejudicial to the defendant's rights. Pa.R.Crim.P. 109.

Any defect in the complaint (assuming, *arguendo*, prejudice to Appellant)

became moot when the magisterial district judge bound over the case for

trial. ***See Commonwealth v. Abdul-Salaam***, 678 A.2d 342, 348-49 (Pa.

2011) (holding that any defect in an affidavit supporting an arrest warrant

was moot after district judge bound over case for trial). In addition,

Appellant's conviction at trial rendered moot any errors committed at the

preliminary hearing. ***See Commonwealth v. Lee***, 662 A.2d 645, 650 (Pa.

1995) (holding adjudication of guilt rendered moot any allegation that the

Commonwealth failed to establish a *prima facie* case at the preliminary

hearing). Appellant's citation of Pa.R.Crim.P. 513(B) (establishing

requirements for issuance of arrest warrant) is inapposite. Appellant was

arrested without a warrant.

We turn next to Appellant's second issue. Appellant challenges only

the legal conclusion that the search was proper. Specifically, he argues the

trial court erred in denying his motion to suppress because police failed to

obtain an anticipatory search warrant.

Because Appellant raises only a legal question, our standard of review

is *de novo*, and our scope of review encompasses the whole record.[3] ***See,***

_____

[3] Our Supreme Court has held that the appellate scope of review of a
suppression motion is limited to the evidence produced at the suppression
hearing—and not the record as a whole. ***In the Interest of L.J.***, 79 A.3d
*(Footnote Continued Next Page)*

*e.g., Commonwealth v. Gatlos*, 76 A.3d 44, 50 (Pa. Super. 2013). ("We may only reverse the suppression court if the legal conclusions drawn from the findings are in error.").

Appellant notes our Supreme Court's approval of anticipatory search warrants. *See Commonwealth v. Glass*, 754 A.2d 655, 665 (Pa. 2000) (holding that Article I, § 8 of the Pennsylvania Constitution does not categorically prohibit anticipatory search warrants); Pa.R.Crim.P. 205(4)(b) (providing for anticipatory search warrants). Rule 205(4) mandates a search warrant to "direct that the search be executed either; (a) within a specified period of time, not to exceed 2 days from the time of issuance, or; (b) when the warrant is issued for a prospective event, only after the specified event has occurred[.]" Pa.R.Crim.P. 205(4).

> Paragraph (4)(b) provides for anticipatory search warrants. These types of warrants are defined in [*Glass*], as "a warrant based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of crime will be located at a specified place."

*(Footnote Continued)* ──────────────────

1079 (Pa. 2013). *L.J.* does not apply here. The ruling is prospective, *id.* at 1089-90, and post-dates the suppression hearing in this case.

In denying Appellant's motion, the trial court did not make factual findings and legal conclusions, and its Pa.R.A.P. 1925(a) opinion filed September 27, 2013, merely concluded that it properly denied the suppression motion. *See* Pa.R.Crim.P. 581(I). Nevertheless, we will address the issue without such findings, because Appellant raises only an issue of law. *Cf. Commonwealth v. Landis*, 89 A.3d 694, 703-04 (Pa. Super. 2014) (vacating the denial of suppression and remanding for entry of the required Rule 581(I) findings where trial court applied wrong legal standard).

Pa.R.Crim.P. 205 *Comment*. Appellant does not address the obvious *non sequitur* of his argument. Anticipatory search warrants are merely permitted—not absolutely required. *See Commonwealth v. Johnson*, 849 A.2d 1236, 1236-37 (Pa. Super. 2004) (concluding that whether police obtained or could have obtained an anticipatory search warrant was irrelevant where they possessed valid grounds to search and an exception to the warrant requirement (an investigatory detention)). Appellant does not otherwise contest the validity of his arrest, the grounds supporting the drug dog sniff of the vehicle, or the validity of the search warrant police obtained before searching the trunk of the car.[4]

Appellant next argues the trial court abused its discretion by permitting testimony regarding Appellant's prior drug dealing that did not pertain to the instant case.

We review a trial court's evidentiary rulings for an abuse of discretion. *Commonwealth v. William*, 91 A.3d 240, 242 (Pa. Super. 2014) (*en banc*). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Id.* (quotation

_____

[4] Appellant incorrectly claims police bypassed the "usual requirements of a warrant in order to use the more relaxed 'automobile search' rules." Appellant's Brief at 11. Police obtained a warrant after **before** searching the interior of the car. *See* N.T. Suppression, 4/29/13, at 32-33.

omitted). A trial "court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403. "'Unfair prejudice' means a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa.R.E. 403 *Comment*.

The trial court ruled the evidence admissible under Pa.R.E. 404(b) as evidence of Appellant's ongoing course of conduct. The trial court further ruled that the evidence was part of the Commonwealth's theory of the case—that Appellant was the head of a drug distribution ring.

Appellant does not state how he believes the trial court abused its discretion, and does not say how the evidence was **unfairly** prejudicial. Instead, he quibbles with the evidence, claiming that he was, in fact, not the head of a drug distribution ring. Because he has not explained how the trial court abused its discretion, he is not entitled to relief on appeal for this issue.

In his final argument, Appellant contends the Commonwealth committed a ***Brady*** violation by failing to turn over exculpatory evidence. This issue is waived.

It is axiomatic that an appellant cannot raise an issue for the first time on appeal. Pa.R.A.P. 302(a). Generally, raising an issue for the first time in a concise statement of errors complained of on appeal does not preserve the

issue. ***Commonwealth v. Melendez-Rodriguez***, 856 A.2d 1278, 1287 (Pa. Super. 2004) (*en banc*); ***see also Diamond Reo Truck Co. v. Mid-Pac. Indus., Inc.***, 806 A.2d 423, 430 (Pa. Super. 2002) ("Even though a 1925(b) statement raises issues before the trial court first, an issue must have been otherwise preserved for the trial court to consider that issue.").

Here, Appellant raised his ***Brady*** claim for the first time in his concise statement. He has not stated where he preserved the issue by a motion for a new trial or otherwise—because he did not. His failure to preserve his ***Brady*** claim precludes appellate review.

Having rejected Appellant's assignments of error, we turn to the trial court's application of the mandatory minimum sentence. Appellant was sentenced to a mandatory minimum of three years in prison under 18 Pa.C.S.A. § 7508(a)(7)(ii), because he was convicted of PWID heroin weighing at least 5.0 grams but less than 50 grams, and he had no prior drug trafficking convictions.

On three occasions, we have held that § 7508 is unconstitutional. ***See Commonwealth v. Vargas***, --- A.3d ---, 2014 PA Super 289, 2014 WL 7447678, at *17, 2014 Pa. Super. LEXIS 4982, at *46-47 (filed Dec. 31, 2014) (*en banc*); ***Commonwealth v. Cardwell***, 105 A.3d 748, 753-54 (Pa. Super. 2014); ***Fennell***, 105 A.3d at 120. In fact, ***Fennell*** involved the exact subsection of § 7508 at issue here. The ***Vargas***/***Cardwell***/***Fennell*** trio follows prior decisions of this Court that, in turn, apply the Supreme

Court of the United States' decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013).

In **Alleyne**, the High Court held that any fact other than a prior conviction that triggers a mandatory minimum sentence must be found by a jury beyond a reasonable doubt. **Id.** at 155. Many of Pennsylvania's sentencing statutes, like § 7508(b), require that facts triggering the mandatory minimum sentence be found by a judge by a preponderance of the evidence. This procedural mechanism now has been deemed unconstitutional. In a series of cases, we have held that the statutes' procedural mechanisms cannot be severed from their substantive provisions, which voids the statutes *in toto*.[5] The mandatory sentences can be applied in no circumstances, *i.e.*, even where a defendant stipulates, or the jury finds, the fact triggering the mandatory sentence. **Fennell**, 105 A.3d at 120; **Valentine**, 101 A.3d at 811-12.

_____

[5] **See Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) (declaring unconstitutional sentencing statute that applied to drug trafficking crimes committed with firearms); **Commonwealth v. Wolfe**, --- A.3d ---, 2014 PA Super 288, 2014 WL 7331915, 2014 Pa. Super. LEXIS 4977 (filed Dec. 24, 2014) (declaring unconstitutional sentencing statute that applied to certain crimes committed against children); **Commonwealth v. Bizzel**, --- A.3d ---, 2014 PA Super 267, 2014 WL 6756277, 2014 Pa. Super. LEXIS 4540 (filed Dec. 2, 2014) (declaring unconstitutional drug-free school zones sentencing statute); **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014) (declaring unconstitutional sentencing statute that applied to crimes of violence committed with guns and on public transportation).

Appellant is entitled to the holdings in **Vargas**, **Cardwell**, and **Fennell**, because appellate courts generally apply the law in effect at the time of the appellate decision. **Commonwealth v. Housman**, 986 A.2d 822, 840 (Pa. 2009). Finally, even though Appellant has not raised this issue, **Alleyne** issues implicate the legality of a sentence. **Valentine**, 101 A.3d at 809. Therefore, Appellant cannot waive the issue, and we may raise it *sua sponte*. **Vargas**, 2014 WL at 2014 WL 7447678, at *16, 17 n.13, 2014 Pa. Super. LEXIS 4982, at *43, 46 n.13. We vacate Appellant's sentence and remand for resentencing without application of § 7508.

In sum, we find Appellant's assignments of error meritless, but hold *sua sponte* that Appellant's sentence is illegal. Therefore, we vacate and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/19/2015